Paul P. Rooney
FUGAZY & ROONEY LLP
437 Madison Avenue, 35th Floor
New York, NY 10022
(212) 346-0570 (Tel.)
(484) 805-7022 (fax)
prooney@fugazyrooney.com

*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

BRIAN BEALE,

                            Plaintiff,

           -against-

UNCLE JACK'S STEAKHOUSE, INC., UNCLE
JACK'S STEAKHOUSE MIDTOWN, INC., UNCLE
JACK'S OF BAYSIDE, INC., and UNCLE JACK'S
STEAKHOUSE, INC. EMPLOYEE GROUP
HEALTH INSURANCE PLAN,

                            Defendants.

-----------------------------------------------------------------------------X

**SECOND AMENDED
COMPLAINT**

C.A. No. 11-CV-2627
(WHP) (RLE)

    Jury Trial
    Demanded

        Plaintiff Brian Beale ("Plaintiff"), by and through his attorneys, Fugazy & Rooney LLP,

for his Second Amended Complaint, alleges as follows:

## SUMMARY

    1.      Plaintiff brings this action under Articles 6 and 19 of New York Labor Law and

New York Code Rules and Regulations § 142-2.1 *et seq.* ("New York Labor Law"), The

Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1000, *et seq.*, The

Consolidated Omnibus Reconciliation Act ("COBRA"), 29 U.S.C. § 1166 *et seq.* and the

common law.

## PARTIES

2.  Plaintiff Brian Beale is an individual who resides in Elmont, New York.

3.  Defendant Uncle Jack's Steakhouse, Inc. (hereinafter "Uncle Jack's 34th Street") is a New York corporation with its principal places of business located at 39-40 Bell Boulevard, Bayside, New York and 440 Ninth Avenue, New York, New York.

4.  Defendant Uncle Jack's Steakhouse Midtown, Inc. (hereinafter "Uncle Jack's Midtown" and collectively with Uncle Jack's 34th Street,  and Uncle Jack's of Bayside, Inc., "Uncle Jack's")  is a New York corporation that has its principal places of business located at 44 East 56th Street, New York, New York and 39-40 Bell Boulevard, Bayside, New York.

5.  Defendant Uncle Jack's of Bayside, Inc. ("Uncle Jack's Bayside") is a New York corporation that has its principal place of business located at 39-40 Bell Boulevard, Bayside, New York

6.  Defendant Uncle Jack's Steakhouse, Inc. Employee Group Health Insurance Plan (the "Health Plan") is a "plan" that offered, and continues to offer, group health insurance benefits to employees of Uncle Jack's 34th Street, Uncle Jack's Bayside, and Uncle Jack's Midtown.

7.  The Plan is an ERISA welfare plan within the definition of 29 U.S.C. § 1002(1).

8.  Uncle Jack's Midtown, Uncle Jack's Bayside, and Uncle Jack's 34th Street were at all relevant times, and continue to be, the sponsors of the Health Plan.

9.  Uncle Jack's Midtown, Uncle Jack's Bayside, and Uncle Jack's 34th Street were at all relevant times, and continue to be, the "administrators" of the Health Plan within the meaning of 29 U.S.C. §§ 1023 and 1024 because they were responsible for the administrative details of the Health Plan and, as the Health Plan's sponsors, automatically assumed the roles of

2

administrator under 29 U.S.C. § 1002(16)(A)(i), (ii) because they, upon information and belief, did not explicitly delegate the role of administrator to a third party in any Health Plan document.

## JURISDICTION AND VENUE

10.     This court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings his claims under ERISA and COBRA.

11.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

12.     This Court has personal jurisdiction over the defendants because they are citizens of the State of New York.

13.     Venue is proper in this judicial district because the corporate defendants and the Plan are subject to personal jurisdiction in this judicial district.

## FACTS

14.     Defendant Uncle Jack's 34th Street employed Plaintiff as a bartender from on or about January 2006 until May 2006.

15.     Plaintiff returned to work at Uncle Jack's 34th Street in October 2006 until November 2007.  Beginning in September 2007, Uncle Jack's 34th Street provided Plaintiff with group health benefits.

16.     Plaintiff began working at Uncle Jack's Midtown in November 2007 and remained working there until April 2008.

17.     Plaintiff's group health benefits from Uncle Jack's continued while it employed him at Uncle Jack's Midtown from November 2007 until April 2008.

18.     After his employment with Uncle Jack's Midtown ended in April 2008, Plaintiff was offered, and applied to continue, his health benefits under The Consolidated Omnibus Reconciliation Act, 29 U.S.C. § 1161-68 ("COBRA") and he did continue those health benefits.

19.     On June 24, 2008, Plaintiff's group health insurance from Uncle Jack's Midtown was reinstated, effective April 12, 2008, as a result of Plaintiff's election of benefits under COBRA.

20.     In July 2008, Plaintiff had an eye infection and a doctor gave him a prescription in July 2008 and the pharmacist said he was not covered by the Health Plan.

21.     Plaintiff called Uncle Jack's' Director of Operations, Thomas Carpenter and he directed Plaintiff to Carpenter's secretary. That issue was never resolved and Plaintiff did not pursue it.

22.     Plaintiff discontinued his COBRA benefits by not paying any further COBRA premiums after paying his August premium at the end of July.

23.     Uncle Jack's contacted Plaintiff and offered him a job. Plaintiff returned to work at Uncle Jack's 34th Street in October 2008 and continued to work there until June 2010.

24.     Shortly after his employment began in October 2008, a manager at Uncle Jack's 34th Street, Muhammad Yaseem, approached Plaintiff and told him, "You owe us [referring to Uncle Jack's] for three months of COBRA premiums" for September, October, and November 2008, when Plaintiff had stopped paying COBRA.

25.     Plaintiff told Yaseem that he had ceased paying the premiums and that he did not owe Uncle Jack's anything.

26.     Uncle Jack's 34th Street, on or about October 30, 2008, began deducting $78.84 from Plaintiff's weekly paycheck and on his pay stub printed a "description" that said, "MED-

125." This comes to approximately $315.00 per month. Plaintiff paid $263.00 per month for COBRA.

27.     On employee pay stubs, "MED-125" is an abbreviation that means that a portion of the employee's pay was deducted and used to pay for health benefits on a pre-tax basis under Section 125 of the United States Internal Revenue Code.

28.     Based on that notation of "MED-125" on his paystub, and the difference in the premium between COBRA and the amount that was being taken from Plaintiff's pay, Plaintiff believed that Uncle Jack's 34th Street had placed him back in the group employee Health Plan on the same terms as other employees and was deducting premiums for that Health Plan from his pay.

29.     Based on that notation of "MED-125" on his pay stub, and his belief that the deductions were being used to pay his group health premiums as an employee member of Uncle Jack's' Health Plan, Plaintiff acquiesced to these deductions even though he had not consented to them.

30.     In reality, Uncle Jack's 34th Street did not enroll Plaintiff as an employee in its Health Plan and did not use the money it was deducting from Plaintiff's wages to pay premiums for its group Health Plan.

31.     Instead, upon information and belief, Uncle Jack's 34th Street diverted portions of the deducted money and used it to pay back the COBRA premiums that Uncle Jack's contended Plaintiff owed to Uncle Jack's Midtown for COBRA payments for the months of September, October, and November 2008.

32.     Uncle Jack's made twelve weekly deductions in the amount of $78.84 from Plaintiff's pay, totaling $946.08, purportedly to pay for group health benefits, from paychecks dated October 30, 2008 through January 15, 2009.

33.     Also, during a period of time between December 3, 2008 and December 10, 2008, Plaintiff's coverage was cancelled.  Upon information and belief, for that one-week period, Uncle Jack's 34th Street and Uncle Jack's Midtown had failed to pay health insurance premiums for its employees even though they had deducted money from employees' pay for that purpose.

34.     Upon information and belief, Uncle Jack's was displeased that it had to pay the monthly health insurance premium at the beginning of each month and then recoup its premium payments from deductions from employees' pay, as opposed to being able to deduct the money from employees' pay first and then pay the premiums.

35.     Upon information and belief, when Uncle Jack's inspired an employee revolt by trying to take a deduction for a month's worth of premiums from one week of employees' pay in order to fulfill its desire to have the employee deductions in hand in advance, Uncle Jack's decided to simply not pay the premium for one or more weeks and then use the money deducted from employees' wages to pay premiums in subsequent weeks.

36.     On January 27, 2009, Plaintiff had skin cancer surgically removed in the first of several planned procedures.  The physicians billed the group health plan approximately $2,000.00 for the procedure and was paid by the insurance company.

37.     Because of his prior experience with the pharmacist telling him he had no coverage in July 2008, and because of the Defendants' cancellation of coverage for one week from December 3 through December 10, 2008, prior to having the January 27, 2009 surgery,

6

Plaintiff had telephoned the insurance company to make certain that health insurance coverage was in place and that the procedure was covered.

38.    In March 2009, Plaintiff had the second of several planned procedures scheduled to remove additional cancerous growths.  Again, because of his prior experience of Defendants cancelling and reinstating coverage in July 2008 and December 2008, prior to that March 2009 surgery, Plaintiff confirmed with his insurer that his coverage was in place and that the procedure was covered.

39.    On March 23, 2009, Uncle Jack's retroactively terminated Plaintiff's health coverage effective January 20, 2009 without any notice to Plaintiff after Plaintiff underwent a procedure that the group health plan had paid for and after he had been repeatedly assured by the insurance company that he had coverage

40.    Upon information and belief, Uncle Jack's 34th Street either negligently, or recklessly, or knowingly, deceived Plaintiff about what it was doing with the money it was deducting from Plaintiff's pay purportedly to pay for health insurance.

41.    Upon information and belief, Uncle Jack's Midtown maintained Plaintiff's COBRA coverage until, by means of the deductions Uncle Jack's 34th Street was making from Plaintiff's pay, it had recouped the COBRA premiums it contended Plaintiff owed it.

42.    Upon information and belief, Uncle Jack's Midtown then caused Uncle Jack's 34th Street to cease its deductions from Plaintiff's pay or Uncle Jack's 34th Street decided to cease the deductions.

43.    On March 23, 2009, Uncle Jack's and/or Uncle Jack's Midtown then cancelled Plaintiff's COBRA coverage retroactively effective January 20, 2009.

7

44.     The surgeons who had performed the January 27, 2009 operation on Plaintiff informed him that they would have to repay the money the health insurer had paid to them for the surgery because Plaintiff's claim for reimbursement for his surgery had been rejected due to retroactive cancellation of his insurance coverage.  The surgeons requested that Plaintiff pay the bill personally.

45.     As a result of the cancellation of his health benefits, Plaintiff has been forced to postpone his cancer surgery.

46.     When Plaintiff learned of this cancellation he contacted Uncle Jack's' Operations Manager, Thomas Carpenter.

47.     Plaintiff explained the situation and Carpenter told him that there was "nothing to discuss," that it was Plaintiff's responsibility to note that Uncle Jack's had ceased taking deductions from his pay for health benefits, and referred him to his assistant, who Plaintiff recalls being named "Alicia."

48.     Carpenter's assistant then referred Plaintiff to another person who handled Uncle Jack's' insurance matters named "Paul."

49.     "Paul" told Plaintiff would have to pay $945.00 to have his coverage, which he said was provided under COBRA, not as a result of Plaintiff's employee status, reinstated for February, March, and April, 2009, adding, "You've got to come up with some scrolls.  Then I can talk to the skirts over at the insurer and get you some coverage."

50.     Uncle Jack's Midtown, Uncle Jack's Bayside, and Uncle Jack's 34th Street never provided any written notice to Plaintiff that his COBRA coverage had been cancelled retroactively on March 23, 2009 effective January 20, 2009, while Uncle Jack's was fully aware that Plaintiff was being treated for skin cancer.

8

51. Uncle Jack's never provided Plaintiff with any grace period to pay the premiums to maintain his cancelled COBRA coverage.

52. Uncle Jack's 34th Street never offered Plaintiff the opportunity to enroll in its employee health plan, which Plaintiff believed he had been enrolled in due to the deductions from his wages, while Plaintiff was employed by Uncle Jack's 34th Street.

53. In reliance upon the false representations of Uncle Jack's 34th Street that he had health coverage, Plaintiff, in the belief that he had medical coverage, incurred medical expenses that have not been reimbursed.

54. As a result of Uncle Jack's 34th Street's, Uncle Jack's of Bayside's, and Uncle Jack's Midtown's cancellation of Plaintiff's COBRA coverage, and their refusal or failure to offer Plaintiff group health insurance benefits after his employment began in October 2008, Plaintiff incurred medical expenses that have not been reimbursed, including a approximately $20,000.00 in hospitalization expenses in or around June 2010.

55. As result of Uncle Jack's' cancellation of Plaintiff's COBRA coverage and Uncle Jack's 34th Street's failure to offer health coverage to Plaintiff, he has been forced to forego treatment of skin cancer on his face and body.

56. For reasons unknown to Plaintiff, on June 5, 2009, his COBRA coverage was reinstated retroactive to January 20, 2009 and then, on October 9, 2009, Plaintiff's coverage was again cancelled retroactive to January 20, 2009.

57. Plaintiff never received any notice of these coverage reinstatements or cancellations.

9

**COUNT I:**
**VIOLATION OF SECTIONS 191 and 193 OF THE**
**NEW YORK LABOR LAW AGAINST UNCLE JACK'S 34TH STREET**

58.     Plaintiff incorporates by reference the preceding paragraphs of the complaint.

59.     Defendant Uncle Jack's 34th Street, in its role as Plaintiff's employer, unlawfully deducted money from Plaintiff's pay and, without his consent used it to pay a debt that Uncle Jack's Midtown and/or Uncle Jack's 34th Street contended Plaintiff owed and/or, upon information and belief, diverted it to other unauthorized purposes, in violation of Sections 191 and 193 of the New York Labor Law.

60.     Consequently, Uncle Jack's 34th Street is liable to Plaintiff for the amount of money it unlawfully withheld and/or diverted from Plaintiff's pay, liquidated damages, attorneys' fees, costs, expert witness fees, and other expenses of suit.

**COUNT II:**
**FRAUD AGAINST UNCLE JACK'S 34TH STREET**

61.     Plaintiff incorporates by reference all preceding paragraphs of his Complaint.

62.     Uncle Jack's 34th Street made deliberately false statements to Plaintiff on his paystubs intended to deceive Plaintiff into believing that he was enrolled in the Health Plan as an employee, rather than a COBRA participant, and receiving benefits thereunder.

63.     Uncle Jack's 34th Street made these false statements so that it could divert Plaintiff's pay to recoup the money that Uncle Jack's 34th Street and/or Uncle Jack's Midtown contended that Plaintiff owed for COBRA premiums.

64.     As a result, Plaintiff was deceived into believing that he was enrolled in the Health Plan as an employee rather than a COBRA participant and that his enrollment would continue during his employment at Uncle Jack's 34th Street.

10

65.   In reasonable reliance upon Uncle Jack's 34th Street's false statements, Plaintiff incurred medical expenses for cancer treatment, and scheduled cancer treatment for spring 2009.

66.   As a result of Uncle Jack's 34th Street's false statements, Plaintiff failed to tender either COBRA premiums or premiums directly to the Health Plan when, unbeknownst to Plaintiff, Uncle Jack's without any notice, ceased deducting health plan contributions from his pay.  Consequently, Plaintiff's health benefits, which unbeknownst to him had been provided under COBRA, rather than the terms offered to regular employees of Uncle Jack's 34th Street, were cancelled retroactively effective January 20, 2009.

67.   As a result of Uncle Jack's 34th Street's aforementioned fraudulent statements which resulted in the cancellation of Plaintiff's health benefits, Plaintiff has been unable to obtain additional cancer treatment, has suffered, upon information and belief, injury to his health and, upon information and belief, will suffer significant disfigurement due to the continued growth of cancers on his face and body that will have to be removed by surgery or other treatment in the future.

68.   Accordingly, Uncle Jack's 34th Street is liable to plaintiff for compensatory and punitive damages, unreimbursed medical expenses he incurred in reliance upon Uncle Jack's 34th Street's false statements, future medical expenses, and costs.

**COUNT III:**
**CLAIM FOR CIVIL PENALTY FOR VIOLATION OF COBRA AND ERISA AGAINST UNCLE JACK'S MIDTOWN, UNCLE JACK'S OF BAYSIDE AND UNCLE JACK'S 34TH STREET FOR FAILURE TO GIVE NOTICE OF TERMINATION OF COBRA COVERAGE**

69.   Plaintiff incorporates by reference the preceding paragraphs of the complaint.

70.   At all times relevant to this complaint, Uncle Jack's Midtown, Uncle Jack's

Bayside, and Uncle Jack's 34th Street were the Health Plan administrators and continue to be the

Health Plan administrators.

71.   Title 29 C.F.R. § 2590.606-4(d) requires the administrator of a health plan that is

providing continuation health coverage to one or more qualified beneficiaries with written notice

that beneficiaries' benefits will terminate before the end of the maximum period of COBRA

coverage.

72.   Specifically, 29 C.F.R. § 2590.606-4(d) provides:

> (d) *Notice of termination of continuation coverage.* (1) The administrator of a
> plan that is providing continuation coverage to one or more qualified
> beneficiaries with respect to a qualifying event shall provide, in accordance
> with this paragraph (d), notice to each such qualified beneficiary of any
> termination of continuation coverage that takes effect earlier than the end of the
> maximum period of continuation coverage applicable to such qualifying event.
>
> (2) The notice required by this paragraph (d) shall be written in a manner
> calculated to be understood by the average plan participant and shall
> contain the following information:
>
> (i) The reason that continuation coverage has terminated earlier than the
> end of the maximum period of continuation coverage applicable to such
> qualifying event;
>
> (ii) The date of termination of continuation coverage; and
>
> (iii) Any rights the qualified beneficiary may have under the plan or under
> applicable law to elect an alternative group or individual coverage, such as
> a conversion right.
>
> (3) The notice required by this paragraph (d) shall be furnished by the
> administrator as soon as practicable following the administrator's
> determination that continuation coverage shall terminate.

73.   Plaintiff was entitled to 18 months of COBRA continuation coverage beginning

from the date of his qualifying event, the end of his employment with Uncle Jack's Midtown as

of April 2008, or until October 2009.

74.    Without providing the notice required by 29 C.F.R. § 2590.606-4, Uncle Jack's Midtown, Uncle Jack's Bayside, and Uncle Jack's 34th Street, in their roles as administrators of the Health Plan, on March 23, 2009, retroactively cancelled Plaintiff's COBRA coverage effective January 20, 2009.

75.    The failure of Uncle Jack's Midtown, Uncle Jack's Bayside, and Uncle Jack's 34th Street to provide the notice required by 29 C.F.R. § 2590.606-4 violated COBRA § 606(a)(1), 29 U.S.C. § 1166(a) which requires written notice to each covered employee of the rights provided under that subsection.

76.    Under ERISA § 502(c)(1)(A), 29 U.S.C. § 1132(c)(1)(A), as plan administrators who failed to comply with the notice requirements of COBRA § 606(a)(1), Uncle Jack's Midtown, Uncle Jack's Bayside, and Uncle Jack's 34th Street are subject to a civil penalty of up to $110.00 per day, attorneys fees  and costs under 29 C.F.R. § 2575.502c-1.

77.    Accordingly, Uncle Jack's Midtown, Uncle Jack's Bayside, and Uncle Jack's 34th Street, who never provided Plaintiff with the notice required by 29 C.F.R. § 2590.606-4, are liable to Plaintiff for a civil penalty of $110 per day, attorneys' fees, and costs.

### COUNT IV:
### CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST UNCLE JACK'S MIDTOWN, UNCLE JACK'S BAYSIDE, AND UNCLE JACK'S 34TH STREET IN THEIR ROLES AS HEALTH PLAN ADMINISTRATORS FOR FAILURE TO PROVIDE NOTICE OF TERMINATION OF COBRA CONTINUATION COVERAGE

78.    Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

79.    The aforementioned failure Uncle Jack's Midtown, Uncle Jack's Bayside, and Uncle Jack's 34th Street in their role as Health Plan administrators, to provide Plaintiff with the notice of the termination of Plaintiff's COBRA coverage required by 29 C.F.R. § 2590.606-4,

violated their fiduciary duty to Plaintiff under ERISA by preventing or interfering with

Plaintiffs' receipt of benefits under the Health Plan.

80.     As result of their breach of their fiduciary duty under ERISA to Plaintiff, Uncle

Jack's Midtown, Uncle Jack's Bayside, and Uncle Jack's 34th Street are liable to Plaintiff for all

medical expenses Plaintiff incurred since January 20, 2009, less any COBRA premiums that

would have been paid since January 20, 2009, reasonable attorneys' fees, and costs.

**COUNT V:**
**CLAIM AGAINST THE HEALTH PLAN, UNCLE JACK'S 34TH STREET,**
**AND UNCLE JACK'S MIDTOWN IN THEIR ROLES AS HEALTH PLAN**
**ADMINISTRATORS, FOR BENEFITS DENIED UNDER THE PLAN AND OTHER**
**RELIEF DUE TO VIOLATION OF COBRA AND ERISA DUE TO FAILURE TO**
**PROVIDE NOTICE OF TERMINATION OF COBRA COVERAGE**

81.     Plaintiff incorporates by reference all preceding allegations of the Complaint.

82.     Under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), Plaintiff has the right to

file a civil claim against the Health Plan and its administrators (Uncle Jack's Midtown, Uncle

Jack's Bayside, and Uncle Jack's 34th Street) to recover benefits to which he is entitled under

the Health Plan.

83.     The Defendants' retroactive termination of Plaintiff's COBRA health benefits

without the written notice required by 29 C.F.R. § 2590.606-4 was unlawful and resulted in

Plaintiff being unlawfully denied benefits to which he is entitled under the Health Plan.

84.     Accordingly, Defendants are liable to Plaintiff for the health benefits to which he

was entitled under the Health Plan in an amount equal to that which Defendants' health

insurance provider would have paid had Defendants not unlawfully cancelled Plaintiff's COBRA

coverage, attorneys' fees, and costs.

85.     Furthermore, due to his critical and immediate need for health care, Plaintiff is

entitled to an injunction requiring Defendants to enroll Plaintiff in the Health Plan.

**COUNT VI:**
**CLAIM FOR BENEFITS UNDER THE HEALTH PLAN AGAINST ALL DEFENDANTS**
**FOR DENYING PLAINTIFF ENTRY INTO THE HEALTH PLAN WHEN HE BECAME**
**ELIGIBLE AFTER BEGINNING HIS EMPLOYMENT WITH UNCLE JACK'S 34TH**
**STREET IN OCTOBER 2009**

86.     Plaintiff incorporates by reference all preceding allegations of his Complaint.

87.     Under ERISA § 502(a)(1)(B), Plaintiff, as a beneficiary of the Health Plan, is entitled to bring a civil action to recover benefits that are due under the Health Plan.

88.     Upon information and belief, in order to further the scheme of using deductions from Plaintiff's wages to pay Uncle Jack's Midtown the COBRA premiums it contended Plaintiff owed Uncle Jack's Midtown, Uncle Jack's 34th Street falsely stated in Plaintiff's paystubs that deductions were made from his wages to pay for medical care under the Health Plan, and failed or refused to offer Plaintiff the opportunity of joining the group employee health plan when his employment by Uncle Jack's 34th Street began in Fall 2008.

89.     As a result of Uncle Jack's 34th Street's deceptive and unlawful acts and omissions, Plaintiff was denied entry into the Health Plan.  Upon information and belief, Uncle Jack's Midtown, and Uncle Jack's Bayside, in its role as plan administrator, was aware of these unlawful acts and omissions and did nothing to correct or prevent them.

90.     Accordingly, under 29 U.S.C. § 1132(a)(1)(b), Plaintiff is entitled to the benefits he would have received under the Health Plan, had Uncle Jack's 34th Street and Uncle Jack's Midtown, in their roles as Health Plan administrators not unlawfully denied Plaintiff entry into the Health Plan, specifically, coverage for all reimbursable medical expenses he incurred since Plaintiff became employed by Defendant Uncle Jack's 34th Street.

## COUNT VII:
## CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST UNCLE JACK'S MIDTOWN, UNCLE JACK'S BAYSIDE, AND UNCLE JACK'S 34TH STREET IN THEIR ROLES AS HEALTH PLAN ADMINISTRATORS FOR DENYING PLAINTIFF ENTRY INTO THE HEALTH PLAN UPON HIS HIRING BY UNCLE JACK'S 34TH STREET

91.     Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

92.     Uncle Jack's 34th Street, Uncle Jack's Bayside, and/or Uncle Jack's Midtown had a duty under ERISA as Health Plan administrators to accurately inform Plaintiff, as a beneficiary of the Health Plan, of his status with respect to the Health Plan and of his eligibility to join the Health Plan as an employee, rather than a COBRA beneficiary.

93.     The failure of Uncle Jack's 34th Street, Uncle Jack's 34th Street, and Uncle Jack's Midtown to accurately inform Plaintiff of his eligibility to join the Health Plan after he was hired by Uncle Jack's 34th Street in October 2008, and their participation in a scheme to deceive Plaintiff into believing he was enrolled in the Health Plan as an employee violated their fiduciary duty Plaintiff.

94.     As result of their breach of their fiduciary duty under ERISA to Plaintiff, Uncle Jack's Midtown, Uncle Jack's Bayside, and Uncle Jack's 34th Street are liable to Plaintiff for all medical expenses Plaintiff incurred since January 20, 2009, less any Health Plan premiums that would have been paid since Plaintiff became eligible to join the Health Plan as an employee after October 2008. January 20, 2009, reasonable attorneys' fees, and costs.

## COUNT VIII:
## CLAIM FOR CIVIL PENALTY FOR FAILURE TO GIVE REQUIRED COBRA NOTICE UPON TERMINATION OF PLAINTIFF'S EMPLOYMENT IN 2010 AGAINST UNCLE JACK'S 34TH STREET, UNCLE JACK'S BAYSIDE, AND UNCLE JACK'S MIDTOWN AS ADMINISTRATORS OF THE HEALTH PLAN

95.     Plaintiff incorporates by reference all preceding paragraphs of the complaint.

96.   Plaintiff was a beneficiary of the Health Plan, and Uncle Jack's 34th Street, Uncle Jack's Bayside, and/or Uncle Jack's Midtown unlawfully denied Plaintiff entry into the Health Plan.

97.   Consequently, Uncle Jack's 34th Street, Uncle Jack's Bayside, and Uncle Jack's Midtown, as the Health Plan administrators, were required to give Plaintiff notice of any COBRA "qualifying event."

98.   Under COBRA, a "qualifying event" is an event that causes a beneficiary to lose coverage under a group employee health plan.

99.   Because they had failed to offer Plaintiff an opportunity to join the group health plan or to inform him of his opportunity to join it after his employment began in October 2008, upon the termination of Plaintiff's employment in 2010, Uncle Jack's 34th Street, Uncle Jack's Bayside, and Uncle Jack's Midtown were required to give Plaintiff notice of his ability to elect COBRA continuation coverage, notwithstanding the fact that Plaintiff was not enrolled in the Health Plan as an employee at the time his employment terminated.

100.   Uncle Jack's Midtown, Uncle Jack's Bayside, and Uncle Jack's 34th Street failed or refused to give Plaintiff the proper notice and consequently, Plaintiff has been denied COBRA coverage.

101.   Under ERISA § 502(c)(1)(A), 29 U.S.C. § 1132(c)(1)(A), as plan administrators who failed to comply with the notice requirements of COBRA § 606(a)(1), Uncle Jack's Midtown, Uncle Jack's Bayside, and Uncle Jack's 34th Street are subject to a civil penalty of up to $110.00 per day, attorneys fees  and costs under 29 C.F.R. § 2575.502c-1.

**COUNT IX:**
**CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST UNCLE JACK'S MIDTOWN, UNCLE JACK'S BAYSIDE, AND UNCLE JACK'S 34TH STREET IN THEIR ROLES AS HEALTH PLAN ADMINISTRATORS FOR FAILURE TO GIVE REQUIRED COBRA NOTICES UPON THE TERMINATION OF PLAINTIFF'S EMPLOYMENT IN 2010**

102.   Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

103.   The aforementioned failure of Uncle Jack's Midtown, Uncle Jack's Bayside, and Uncle Jack's 34th Street in their role as Health Plan administrators, to provide Plaintiff with notice of his COBRA rights upon the termination of his employment in 2010 breached their fiduciary duty to Plaintiff.

104.   As result of their breach of their fiduciary duty under ERISA to Plaintiff, Uncle Jack's Midtown, Uncle Jack's Bayside, and Uncle Jack's 34th Street are liable to Plaintiff for all medical expenses Plaintiff incurred since the termination of his employment in 2010.

105.   Additionally, Plaintiff is entitled to equitable relief in the form of notice of his COBRA rights and an opportunity to elect COBRA coverage.

**COUNT X:**
**CLAIM FOR COBRA BENEFITS AND EQUITABLE RELIEF FOR FAILURE TO GIVE REQUIRED COBRA NOTICE AFTER TERMINATION OF PLAINTIFF'S EMPLOYMENT IN 2010 AGAINST THE HEALTH PLAN, AND UNCLE JACK'S MIDTOWN, UNCLE JACK'S BAYSIDE, AND UNCLE JACK'S 34TH STREET IN THEIR ROLES AS PLAN ADMINISTRATORS**

106.   Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

107.   As a result of Defendants' failure to provide COBRA notice after the termination of Plaintiff's employment in 2010, Defendants denied Plaintiff benefits under the Plan.

108.   Accordingly, Plaintiff is entitled to additional notice and an opportunity to select COBRA benefits and to reimbursement for any out-of-pocket medical expenses that Plaintiff has incurred or incurs in the future that would have been covered by the Health Plan had Plaintiff

been given the opportunity to elect COBRA coverage, less any COBRA premiums Plaintiff would have paid.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and prays that the Court:

A.  Enter judgment in favor of Plaintiff on Count I of the Complaint, against Uncle Jack's 34th Street and award him damages in the amount of pay unlawfully withheld, liquidated damages, attorneys' fees, costs, expenses of suit and expert witness fees.

B.  Enter judgment in Plaintiff's favor on Count II of the Complaint against Uncle Jack's 34th Street and award him compensatory and punitive damages, unreimbursed medical expenses he incurred in reliance upon Uncle Jack's 34th Street's false statements, future medical expenses, and costs.

C.  Enter judgment in Plaintiff's favor on Count III of the Complaint against Uncle Jack's Midtown, Uncle Jack's Bayside, and Uncle Jack's 34th Street and award him civil penalties in the amount of $110 per day, plus attorneys' fees and costs;

D.  Enter judgment in Plaintiff's favor on Count IV of the Complaint against Uncle Jack's 34th Street, Uncle Jack's Bayside, and Uncle Jack's Midtown jointly and severally Plaintiff for all medical expenses Plaintiff incurred since January 20, 2009, less any COBRA premiums that would have been paid since January 20, 2009, reasonable attorneys' fees, and costs;

E.  Enter Judgment in Plaintiff's favor on Count V of the Complaint against Uncle Jack's Midtown, Uncle Jack's Bayside, Uncle Jack's 34th Street and the Health Plan for the health benefits to which he was entitled under the Health Plan in an amount equal to that which Defendants' health insurance provider would have paid had Defendants not

19

unlawfully cancelled Plaintiff's COBRA coverage, attorneys' fees, and costs and issue a mandatory injunction requiring Defendants to enroll Plaintiff in the Health Plan;

F.  Enter Judgment in Plaintiff's favor on Count VI of the Complaint against Uncle Jack's Midtown, Uncle Jack's Bayside, and Uncle Jack's 34th Street for civil penalties of $110.00 per day, costs, and attorneys' fees;

G.  Enter judgment in Plaintiff's favor on Count VII of the Complaint against Uncle Jack's 34th Street, Uncle Jack's Bayside, and Uncle Jack's Midtown for all medical expenses Plaintiff incurred since January 20, 2009, less any Health Plan premiums that would have been paid since Plaintiff became eligible to join the Health Plan as an employee after October 2008. January 20, 2009, attorneys' fees, and costs.

H.  Enter judgment in Plaintiff's favor on Count VIII of the Complaint against Uncle Jack's Midtown, Uncle Jack's Bayside, and Uncle Jack's 34th Street for a civil penalty of $110.00 per day, attorneys fees and costs;

I.  Enter judgment in Plaintiff's favor on Count IX against Uncle Jack's Midtown, Uncle Jack's Bayside, and Uncle Jack's 34th Street for all medical expenses Plaintiff incurred since the termination of his employment in 2010, attorneys' fees and costs, and for equitable relief in the form of notice of his COBRA rights and an opportunity to elect COBRA coverage;

J.  Enter judgment in Plaintiff's favor on Count X against all Defendants additional notice and an opportunity to select COBRA benefits and to reimbursement for any out-of-pocket medical expenses that Plaintiff has incurred or incurs in the future that would have been covered by the Health Plan had Plaintiff been given the opportunity to elect COBRA coverage, attorneys' fees and costs.

20

K.  Enter judgment on all counts of the Complaint for such other and further relief as the

Court deems appropriate.

Dated:  June 26, 2012
        New York, New York

Respectfully submitted,

FUGAZY & ROONEY LLP

By: _____

Paul P. Rooney (PR-0333)
prooney@fugazyrooney.com
437 Madison Avenue, 35th Floor
New York, New York 10022
(212) 346-0570 (Tel.)
(484) 805-7022 (fax)

*Attorneys for Plaintiff Brian Beale*

21

## CERTIFICATE OF SERVICE

I, Paul P. Rooney, Esq., hereby certify that on June 26, 2012, I served by United States Mail – First Class the annexed SECOND AMENDED COMPLAINT upon the following counsel of record:

Douglas E. Rowe, Esq.
Certilman, Balin, Adler & Hyman LLP
90 Merrick Avenue, 9 th Floor
East Meadow, NY 11553

Dated: June 26, 2012
    New York, New York

Paul P. Rooney